UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

JESSICA HUSTON,

                 Plaintiff,                  **MEMORANDUM & ORDER**
                                        25-CV-4272 (EK)(JAM)
          -against-

NEW YORK CITY,

                 Defendant.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

Plaintiff Jessica Huston brings this civil rights action against the City of New York.  Representing herself, she alleges that City officials have engaged in warrantless surveillance of her vehicle, residence, and personal devices, thereby violating her rights under the Fourth Amendment.  She moves to proceed *in forma pauperis*.  That motion is granted, but the complaint is dismissed because it does not state a claim on which relief can be granted.

## I.   Background

The following factual allegations are drawn from the complaint, and are presumed true for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In "[a]bout 2020 or 2021," an "unknown civilian" told City police officers that plaintiff was engaged in "criminal activity."  Compl. 5, ECF No. 1.  This led unnamed City

officials to "follow and watch" her.  *Id.*  She alleges that these officials or employees have tapped her phone and computer, and can "see [her] behind closed doors within [her] personal space."  *Id.* at 8.  This surveillance occurred even though there are "no search, seizure or surveillance warrants under [plaintiff's] name."  *Id.* at 5.  She seeks $235 million in damages.  *Id.* at 6.

## II.  Legal Standard

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.[1]  The Court must accept the truth of "well-pleaded, nonconclusory factual allegations," *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), but it need not accept "legal conclusions" as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint should be liberally construed. *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019).  Still, an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  A district court may dismiss an *in forma pauperis* action if it concludes that the action "(i) is frivolous or malicious; (ii) fails to state a

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §§ 1915(e)(2)(B).

### III. Discussion

Plaintiff has not stated a claim for relief under Section 1983.  Based on the allegations in the complaint, it is unclear whether plaintiff is suing New York City as a municipality, or certain officials acting on the City's behalf. But her claim is deficient either way.

To state a Section 1983 claim against a municipality, a plaintiff must allege that her injury flowed from a "municipal custom or policy."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985).  Plaintiff alleges no such custom or policy here.  So, to the extent she seeks to hold the municipality liable, her claim is dismissed.[2]

When a plaintiff sues individual officials under Section 1983, pleadings that "do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim."  *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 598 (E.D.N.Y. 2017) (collecting cases); *see also Wright v.*

---

[2]  In her complaint, plaintiff lists the City's address as 1 Police Plaza, which is the address for the New York Police Department.  Thus, one could construe the complaint as against the Department.  But the NYPD, "as distinct from the City itself, lack[s] the capacity to be sued."  *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008).  So, plaintiff's claim cannot proceed against the Department either.

*Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that *personal involvement* of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." (emphasis added)).  Here, plaintiff simply alleges that unspecified "defendant[s]" surveilled her without a warrant.  Compl. 5, 8.  She never identifies (by name or otherwise) a particular official that acted unconstitutionally.  Her Section 1983 claim is therefore deficient and must be dismissed.

### IV.  Conclusion

For the foregoing reasons, the motion to proceed *in forma pauperis* is granted, but the complaint is dismissed without prejudice.

Plaintiff may, within thirty days of this order, file an amended complaint that corrects the deficiencies identified herein.  She is further advised that any amended complaint will completely replace the original complaint, that it must be captioned "Amended Complaint," and that it must bear the same docket number as this order: 25-CV-4272 (EK)(JAM).  If plaintiff does not file an amended complaint within thirty days, dismissal will be with prejudice and the Clerk of Court will enter judgment.

No summons shall issue at this time and all further proceedings shall be stayed.  The Clerk of Court is directed to

4

mail a copy of this order, along with a form complaint for violation of civil rights, to plaintiff and to note the mailing on the docket.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


       SO ORDERED.


                          /s/ Eric Komitee
                          ERIC KOMITEE
                          United States District Judge


Dated:     February 26, 2026
             Brooklyn, New York